RYMER, Circuit Judge,
dissenting:
I reluctantly part company because the majority adopts an apparently sensible solution to the “always-a-first-time” conundrum. My difficulty is that the solution— applying a three step analysis triggered only when the debt in question was the first transaction between the particular debtor and the particular creditor — doesn’t obviously square with either the statutory construct or what we said in In re Food Catering & Housing, Inc., 971 F.2d 396 (9th Cir.1992). The former Section 547(c)(2)(A), applicable to this case, stated that a transfer fell under the ordinary course exception only if it was “in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee”; the present Section 547(c)(2) preserves this requirement. Interpreting this statutory language, Food Catering held that “[t]o qualify for the ‘ordinary course’ exception, a creditor must prove that: 1) the debt and its payment are ordinary in relation to past practices between the debtor *1131 and this particular creditor; and 2) the payment was ordinary in relation to prevailing business standards.” Id. at 398. Thus, while neither § 547(c)(2)(A) nor Food Catering in so many words precludes treating a first transaction differently, neither permits it, either. And doing so here means that evidence of the parties’ other transactions and common practices in the industry may be considered in some cases where it arguably makes sense to do so, namely, when the transaction is the first one, but not in all cases in which it also arguably makes sense to do so, because Food Catering stands in the way whenever the debtor and transferee have a history of past transactions — even if these past transactions were simply business dealings of a different kind that in no way suggest that the debt transaction in question was out of the ordinary for either party’s business or in the industry.